## Youngman *et al. versus* Miller.

1. Where, upon the trial of a cause a fact is alleged by the plaintiff and distinctly sworn to by the defendant, it is in error for the court to indicate to the jury that the fact is in dispute, and to submit to them the question whether it occurred or not.

2. Where a father, whose minor son has received injuries through the negligence of a third party, employs counsel to sue said third party for damages, no legal obligation is, in the absence of an express understanding, imposed on said counsel to bring suit in the name of the father as well as in the name of the son.   Particularly is this the case where the right of recovery is uncertain, and where the father, after the bringing of a suit in the name of the son, does not complain of the omission to bring suit in his name also.

3. Where the general tenor of a charge inadequately presents the case to the jury and manifestly misleads them as to the true points of inquiry, to the prejudice of one of the parties, the Supreme Court will on error reverse.

May 31st 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Common Pleas of *Lycoming County :* Of May Term 1881, No. 121.

This was an appeal from the judgment of the City Recorder of Williamsport, entered in favor of G. W. Youngman and S. L. Youngman, against Adam D. Miller in the sum of $148.75. Defendant pleaded non assumpsit, payment, payment with leave, and set off.

On the trial, before CUMMIN, P. J. the facts of the case appeared as follows :   On August 21st 1876, a circus company under the management of W. W. Cole was passing through the streets of Williamsport.   Among the vehicles belonging to the company was one bearing a steam piano, upon which an employé of the company was playing.   The noise frightened a horse passing along the street, who shied and ran upon the pavement, knocking down and bruising one Henry Miller, a minor son of the defendant.   Defendant at once called upon plaintiffs, who were attorneys, at their office near by, and represented that he was a poor man who had no money to spend in litigation with Cole, but desired plaintiffs to institute proceed-

ings to recover damages for the injury done to his son. Plaintiffs were not certain that they could recover anything, but on receipt of a retainer of from $5 to $10 agreed to make the attempt, defendant undertaking to give to them one-half of whatever amount might be recovered.

The evidence was conflicting as to whether plaintiffs undertook to bring two suits, one in the name of the son and one in the name of the father, or whether they only undertook to bring the first. Plaintiffs testified that defendant had told them that he didn't care for damages for himself. Defendant, being called as a witness, testified that he never made such a statement. He admitted, however, that he had subsequently settled his claim with Cole on receipt of $10.

Plaintiffs instituted but one suit, which was brought in the name of Henry Miller, by his next friend, the defendant, against Cole, and which resulted on the trial in a verdict and judgment for plaintiff in the sum of $287.50. One-half of the amount of this judgment, viz. : $148.75, defendant assigned to the plaintiffs. Afterwards the whole amount of the judgment was collected on a testatum fi. fa. to Huntington county and paid into court, whereupon defendant, having been duly appointed guardian of his son, drew out the same, receipting to the prothonotary therefor. Plaintiffs thereupon brought this suit. It appeared in evidence that the sum sued for by plaintiffs was a fair compensation for their professional services.

The court charged the jury, *inter alia*, as follows :

" It was the duty of the counsel to explain to the defendant the aspects of the case, and how he was entitled to recover and for what ; because they undertook to recover the damages consequent upon the injury. And although they said nothing about being expert lawyers, the law implies that they would do their work in a workmanlike manner. Just as when you take a piece of cloth to the tailor ; he has a sign out and you need not ask him whether he is a good or bad workman. The presumption of the law is that when he undertakes to make you a coat he will make it in a good and workmanlike manner, and that same rule applies to the lawyer. . . . . In the absence of any arrangement between them about bringing one suit or two suits, they were bound under the circumstances of the case to have brought two suits. That was their plain duty— otherwise they could not recover all the damages that they were entitled to for this injury. But if Mr. Miller understood this and consented that they should only bring one, then that is the agreement, and he is bound by that just the same as any other person is bound. And we say he will be bound it if he understood it. The two could not be combined in the one suit.

[Youngman *v.* Miller.]

That, then, was the duty of the attorneys at the time this contract was entered into.

"Now, if they have performed their contract—done their duty in this behalf—then the other party is bound to perform his, and then it will be your duty to inquire in what relation this defendant agreed that he would pay—did he agree that he should be personally bound for this money? or was it to come out of the proceeds of the judgment of whatever they collected? For instance, if a suit for the son alone, then of course the father was acting for the son, and this suit is against Adam Miller alone. It is not against Henry Miller, by his next friend Adam Miller. The only suit that was brought was one in the name of the son. There was no suit brought in the name of the father. The damages that were paid, $287.50, were for pain and suffering of the boy, and for any damages there might be for the injury beyond his minority. This $287.50 did not include anything for medicine or medical attendance or nursing or loss of time of the child. All that was expressly excluded out of the suit. Now, in what relation did Adam Miller agree to make payment for service rendered? If the suit had been brought in the name of the father alone, and he had recovered the $287, it would be plain here that that was what he agreed to pay, because the money would go to him directly. Now, Adam Miller has no money as the result of any damages in this suit. There was $287.50 recovered in that action, but that was recovered for the boy, and belongs to the boy, and not to Adam Miller. . . . Then there is some evidence here that there was an understanding that a suit was to be afterwards brought in the name of the father. But he did not feel like going into the expense of two suits to commence with. Mr. Miller swears that no such talk was had until the other suit was ended, and it will be your duty to notice that the defendant is the proprietor of a circus company traveling all over the United States, and service could be had upon him when he was in the county—when he was out of the county you would have to follow him and bring suit in a different court, and that is to be noticed in considering the duty of the attorneys under the circumstances. Now, it is claimed by the plaintiffs here that the understanding was that they would bring but the one suit, and if they recovered in this they would afterwards bring the other suit. If you should find that that is the true state of the case, then it would follow that these attorneys have not yet performed all their duties. There is another suit yet to be brought, and more damages to be recovered. And then this suit would have been brought too soon, because the work is not all done yet. Then in reply to that the plaint-

iffs say that that is the true state of the case, but since that time the defendant has gone and settled the case. Now, is that the fact? Has he settled with Cole for any claim he might have? If he has, there is no further suit to be brought. These are all matters for your consideration, and it will be your duty to consider them all, and if the attorneys here have performed their duties in a workmanlike manner, and done what was reasonable to do under all the circumstances in this case, then they ought to be paid according to their contract. If they have performed their part of the contract the other party must perform his. If they have not performed their part they have no right to ask the other party to perform his. It will be your duty to settle these questions. There is no question of law here which will enable me to settle the case for you."

Verdict and judgment for defendant, whereupon plaintiffs took this writ, assigning for error the portions of the charge above cited.

*John J. Reardon* and *Samuel Linn*, for the plaintiffs in error.

*H. W. Watson* (with him *Harmon B. Amerling* and *H. Wharton Amerling*) for the defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, October 3d 1881.

This suit was to recover for the professional services of the plaintiffs as attorneys at law. The services were rendered in a suit wherein Henry Miller by his next friend, Adam Miller, was plaintiff, and one Cole was defendant. Henry was a minor son of Adam and aged eight years. Cole was the proprietor of a traveling circus. The action was to recover for personal injuries sustained by Henry while the circus company was passing through the streets of Williamsport.

The evidence is that the defendant in the present case went to the office of the plaintiffs, stated the injury, and that he was a poor man who had no money to spend in litigation with Cole. The plaintiffs were not certain that anything could be collected. The conclusion was that Miller pay a small retaining fee of $5 or $10, and the plaintiffs were to have a conditional fee of one-half the sum collected. The evidence was conflicting whether it was to be one-half the amount collected in a suit in favor of the son, or in one in favor of the father, or in suits in favor of each. Suit in favor of the son in the form stated was immediately commenced, and no other suit was brought. The suit

instituted was prosecuted to verdict, and a judgment for $287.50. The defendant in error then assigned one-half the judgment to the plaintiffs. Execution afterwards issued, the money was collected and paid into court. After this the defendant Miller was appointed guardian of his said son, drew the money out of court, and refused to pay the plaintiffs the one-half thereof, or a sum equal thereto.

In so far as the question related to in what suit or suits, the plaintiffs were to have one-half of the sum recovered, there is no just cause of complaint against the charge of the court; but another view was presented. Conceding the contract to have been that a suit should afterwards be brought in the name of the father; yet the plaintiffs claimed they were released from that obligation by reason of the defendant having settled his claim against Cole. The court impliedly, but not very distinctly, instructed the jury, if the defendant had so settled, it relieved the plaintiffs from bringing another suit, but substantially indicated it was a fact in dispute, and was for the jury to find whether or not such settlement was made. A reference to the evidence shows the settlement was clearly proved. The defendant was sworn as a witness in his own behalf. The judgment was collected on a test. fi. fa., which he carried into another county where Cole then was, and there a settlement was made between Cole and the defendant, by which the latter received $10. When the defendant was first interrogated thereto in his examination in chief, he left it somewhat uncertain whether he had settled his claim. On his re-direct examination the following questions and answers remove all doubt. Question: "Was that paid to you for expenses, or was it paid to you to settle?" Answer: "It was paid for me to settle the amount of my claim. Mr. Cole told me that he was not going to give me anything. I says, I only ask you for so much, and then I settle the whole matter right up here for myself; and then he went to the ticket wagon, and wrote the receipt and gave me $10, and I signed the receipt. That was what I was to get." He also stated that included his expenses. On cross examination he testified substantially that he settled without the knowledge or advice of his attorneys. Thus there was no question that the defendant did settle his whole claim for damages. It was a fact alleged by the plaintiffs and distinctly sworn to by the defendant. There was no evidence to the contrary.

If at the time of their employment, the plaintiffs were instructed to bring two suits, or if it was understood that two suits should then be brought, one in the name of the father alone, to recover his damages, it was undoubtedly the duty of the plaintiffs to bring them. Without such instructions or un-

[Youngman *v.* Miller.]

derstanding no legal obligation was imposed on them to bring another suit at the same time. The learned judge therefore erred in charging the jury as to the measure of the legal duty imposed on the plaintiffs, in saying, "In the absence of any arrangement between them about bringing one suit, or two suits, they were bound under the the circumstances of the case to have brought two suits. That was their plain duty—otherwise they could not recover all the damages that they were entitled to for this injury." He further added, " That, then, was the duty of the attorneys at the time this contract was entered into." It is true, without a suit in the name of the father, all damages sustained might not be recovered ; yet it does not necessarily follow that the plaintiffs were required to commence it at that time. The uncertainty of any recovery may well have made the defendant unwilling to risk the liability for costs in another suit until his exemption therefrom in one was established. As the injury had just been inflicted on the son, the plaintiffs may very wisely have thought it not advisable to bring suit in the name of the father until he had incurred some expense for medical attendance, medicine, or nursing of the child. The evidence does not show that the defendant ever complained of the omission to bring such suit until on the trial of this case. In the absence of any evidence to that effect, it will not be presumed that the plaintiffs were obligated to pursue Cole into another county and there bring suit.

Whatever the specific terms of the agreement may have been, the plaintiffs were employed by the defendant alone. He did not profess to bind his infant son. They did not agree to look to the son for payment. They rendered valuable services. The court said to the jury there was "no allegation by either defendant or his counsel that plaintiffs had not done their full duty in the suit against Mr. Cole, and recovered full damages."

The uncontradicted evidence of the plaintiffs is, that independent of any contract for a contingent fee, the amount claimed is no more than a reasonable compensation for the services performed.

In addition to the specific errors we have stated, the general tenor of the charge inadequately presented the case to the jury, and manifestly misled them as to the true points of inquiry, and to the prejudice of the plaintiffs.

In so far as portions of the charge are in conflict with this opinion the assignments are sustained.

> Judgment reversed and a venire facias de novo awarded.